COURT OF COMMON PLEAS

## IN THE COURT OF COMMON PLEAS OF ROSS COUNTY, OHIO

2010 MAY 18 PM 1:47

FILED
ROSS COUNTY COMMON PLEAS
CLERK OF COURTS
TY O. HINTON

| | |
|---|---|
| GEORGE CLAY<br>2257 TREGO CREEK RD<br>CHILLICOTHE, OH 45601 | : |
| and | : |
| ALICIA CLAY<br>2257 TREGO CREEK RD<br>CHILLICOTHE, OH 45601 | : |
| and | : |
| GEORGE AND ALICIA CLAY,<br>AS PARENTS AND GUARDIANS OF<br>McKAYLA CLAY, A MINOR<br>2257 TREGO CREEK RD<br>CHILLICOTHE, OH 45601 | : |
| Plaintiffs, | : |
| v. | : Case No. 10CI318 |
| FISHER PRICE<br>DIVISION OF MATTELL<br>c/o CT Corp, Statutory Agent<br>818 West Seventh Street<br>Los Angeles, CA 90017 | : JUDGE Corzine<br>: **JURY DEMAND ENDORSED HEREON** |
| and | : |
| WALMART STORE # 1478<br>354 Private Drive 288<br>South Point, OH 45680 | : |
| and | : |
| WALMART STORES, INC.<br>c/o CT Corp, Statutory Agent<br>1300 East Ninth Street<br>Cleveland, OH 44114 | : |
| Defendants. | : |

## COMPLAINT

Now come Plaintiffs, by and through counsel, and for their Complaint allege and aver as follows:

## FACTS

1. On or about April 21, 2006, and at all times thereafter, George and Alicia Clay were parents and natural guardians (hereinafter "Parents") of McKayla Clay, whose date of birth is August 15, 2002.

2. On or about April 21, 2006, Parents purchased from Walmart Store #1478 a Dora Explorer ATV.

3. Said ATV was designed and manufactured by Fisher Price and marketed as a Power Wheels vehicle.

4. Said vehicle was designed by, or at the request and with the input of, Walmart to specifically be sold by Walmart stores.

5. On or about September 6, 2007, McKayla, then age 5, was riding the ATV in her front yard when the battery ran out of charge.

6. Parent Alicia, who was also in the front yard, told McKayla to park the ATV in the garage.

7. While Parent Alicia was coming to the garage to remove the battery for charging, McKayla was able to unlatch the seat and the battery, and pick it up from its compartment.

8. Once McKayla removed the battery from the storage compartment under the seat, she lost her balance and fell, dropping the battery on her hand causing one finger to be severed.

-2-

9. McKayla suffered severe physical and emotional injuries resulting in the expenditure of medical expenses, severe and permanent injuries, disfigurement, and loss of function and sensitivity to both weather and weather changes, all of which are permanent.

10. Parent George had to take time off from work in order to treat and care for McKayla during her recovery, resulting in loss of income, and he has incurred medical expenses on behalf of McKayla.

## CLAIMS

### COUNT I

11. Plaintiffs hereby incorporate paragraphs 1 through 10 as if fully rewritten herein.

12. Defendants Fisher Price and Walmart negligently designed the battery, its compartment latching system, and the ATV vehicle so that it was not properly equipped with safety devices to keep young children from injuring themselves, even if the ATV was used as designed, anticipated, or should have been anticipated by young children.

### COUNT II

13. Plaintiffs hereby incorporate paragraphs 1 through 12 as if fully rewritten herein.

14. Defendants Fisher Price and Walmart defectively designed the ATV such that even when used as instructed, or as reasonably should be anticipated by Defendants, it will cause serious physical injury to young children, pursuant to ORC 2307.75.

### COUNT III

15. Plaintiffs hereby incorporate paragraphs 1 through 14 as if fully rewritten

herein.

16. Defendants Fisher Price and Walmart failed to warn of the danger associated with the product, pursuant to ORC 2307.76.

**COUNT IV**

17. Plaintiffs hereby incorporate paragraphs 1 through 16 as if fully rewritten herein.

18. The product failed to conform with both express and implied warranties of fitness for use by very young children as advertised by Defendants, pursuant to ORC 2307.77.

**COUNT V**

19. Plaintiffs hereby incorporate paragraphs 1 through 18 as if fully rewritten herein.

20. Walmart is liable as a supplier, under ORC 2307.78, in that it participated in the design of the product and for other reasons.

**COUNT VI**

21. Plaintiffs hereby incorporate paragraphs 1 through 20 as if fully rewritten herein.

22. The product was defective in manufacturing or construction, pursuant to ORC 2307.74.

**COUNT VII**

23. Plaintiffs hereby incorporate paragraphs 1 through 23 as if fully rewritten herein.

24. Defendants Fisher Price and Walmart intentionally and with flagrant

disregard of public safety, in violation of ORC 2307.80, put in stream of commerce a design they knew would cause, or reasonably should have anticipated would cause, serious physical injury to young children, specifically like Plaintiff McKayla.

### COUNT VIII

25. Plaintiffs hereby incorporate paragraphs 1 through 24 as if fully rewritten herein.

26. Parent Alicia suffered severe emotional trauma and distress in that she was nearby McKayla when the injury occurred, saw the severed finger and had to administer emergency triage and medical care to McKayla until she could be transported to the hospital.

### COUNT IX

27. Plaintiffs hereby incorporate paragraphs 1 through 26 as if fully rewritten herein.

28. Plaintiffs George and Alicia Clay are the natural parents and legal guardians of McKayla Clay and, as such, is responsible for the medical bills of their daughter. Plaintiffs George and Alicia Clay have incurred over $16,000 in medical bills on behalf of their daughter and have lost the society and affection of their daughter as a direct and proximate result of the negligence of Defendants.

**WHEREFORE**, Plaintiffs pray for judgment against all Defendants on their claims herein in an amount in excess of $25,000 for injuries and other damages, including medical

expenses, wage loss, costs, and such other relief as may be appropriate.

MORRIS, STARKEY & WAID, L.L.C.

*/s/ David H. Starkey*

DAVID H. STARKEY   0017406
Attorney for Plaintiffs
655 Metro Place South, Ste. 210
Dublin OH 43017-3380
614/761-1733 Fax: 614/889-9699
dstarkey@mswlawoffices.com

## JURY DEMAND

Now comes Plaintiff and demands that the issues herein be tried to a jury of eight (8).

MORRIS, STARKEY & WAID, L.L.C.

*/s/ David H. Starkey*

DAVID H. STARKEY   0017406
Attorney for Plaintiffs

-6-